Case: 1:23-cv-02504 JURY DEMAND
Assigned To : Reyes, Ana C.
Assign. Date : 8/28/2023
Description: Employ Discrim. (H-DECK)

### UNITED STATES OF AMERICA
### MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| CAULTON D. ALLEN,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-07-0694-C-7 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: June 23, 2023 |

Caulton D. Allen, Fort Washington, Maryland, pro se.

Gia Marie Chemsian, and Victoria Ryan Bennett, Washington, D.C., for the agency.

### BEFORE
Melissa Mehring
Administrative Judge

### INITIAL DECISION

On May 7, 2023, the appellant filed a petition for enforcement of a final decision that dismissed his Board appeal pursuant to a settlement agreement. Compliance File 7(CF7),[1] Tab 1; Appeal File (AF), Tab 18. For the reasons set forth below, the appellant's petition for enforcement is DENIED.

---

[1] The appellant's initial appeal will be cited Appeal File (AF). Following the appellant's initial appeal, he has filed six petitions for enforcement and the agency one. The petitions for enforcement will be cited CF1-CF7. Following an initial decision in CF3, the appellant filed a petition for review and that record will be cited as PFR CF3.

RECEIVED

AUG 2 8 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

2

## BACKGROUND

In his petition for enforcement and the supplemental pleading filed in this case, the appellant claimed the agency breached the party's settlement agreement (SA).  CF7, Tabs, 1, 4, 6.  Specifically, the appellant alleged that the agency responded to a request from the Department of Labor (DOL) on March 2, 2023, in manner that violated the SA.  CF7, Tabs 4, 6.

The parties entered into a SA resolving the appellant's appeal regarding the agency action removing him from Federal service.  AF, Tabs 17, 18.  In the SA, the parties agreed the appellant would be reinstated effective May 26, 2007, his removal action cancelled, and he would resign from his position with the agency effective May 26, 2007.  CF7, Tab 4 at 13.  The SA also provided that neither party admitted wrongdoing and the SA would not be used as precedent to resolve other actions.  *Id.* at 15.  Moreover, the SA included a recognition that the appellant did not waive "any rights or claims to benefits to which he is entitled or which may arise after the date of this Agreement" and that the agency would "truthfully respond regarding those matters required by law" if contacted "for any employment inquiry."  *Id.* at 13.

The appellant argued in his petition for enforcement that DOL contacted the agency on March 1, 2023.  CF7, Tab 4 at 5, 22.  In the letter, DOL asked the agency for a copy of the appellant's position description, the date the appellant returned to duty and if the appellant continuation of pay (COP) entitled had ended.  *Id.*  In response, the agency wrote that it provided DOL with the appellant's position description in January 2009, the appellant had not returned to work after March 15, 2007 and had since resigned effective May 26, 2007.  *Id.* at 16, 19.  In addition, the agency reported to DOL there was no COP.  *Id.* and there had been no COP.  *Id.* at 6, 19.  The appellant asserted that the agency should have told DOL the "truthful" reason he left the agency, which was workplace harassment.  *Id.* at 6-8.  The appellant asserted it was his belief that the agency response was evidence of retaliation and an effort to deprive him of

his entitled benefit of Office of Workers Compensation (OWCP) benefits, a right preserved in the SA. *Id.* at 7-8.

The appellant recognized that the Board previously ruled that the agency must provide truthful information to the DOL. CF7, Tab 4 at 6. The appellant cited to the second of his compliance cases, but it was the third in which the Board addressed this issue. *Id.*; PFR CF3, Tab 8 (*Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 (2009)). In a published decision, the Board held the agency did not breach the SA when it told DOL about the appellant's removal in response to an inquiry from that office. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 (2009). The Board explained that as part of the SA the parties agreed the agency would truthfully respond regarding those matters required by law, and an inquiry from DOL regarding an application for benefits was one of those situations. *Id.* at ¶¶ 19-27.

In its response to the appellant's most recent petition for enforcement, the agency relied on the Board's decision in *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 (2009). CF7, Tab 5. The agency asserted the Board decision in an earlier compliance claim by the appellant, supported its position that it was not a breach of the SA to provide DOL with truthful information as it as it asserted it did here. *Id.* at 10. The agency stated there is no meaningful distinction from the facts at issue in the instant petition and the appellant's earlier petition adjudicated in *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 (2009). *Id.* Further, the agency denied its actions were retaliatory. *Id.* at 11.

The appellant filed a reply to the agency's submission as well as two pleadings with exhibits in support of his reply. CF7, Tabs 6-8. The appellant's reply and the supporting exhibits, dated between April 8, 2006 and April 10, 2007, related to the merits of his removal and his equal employment opportunity complaints. *Id.* The appellant also provided information regarding the approval of his application for disability retirement and his prior application for OWCP benefits. CF7, Tab 8 at 57-65. Moreover, the appellant argued that the SA

4

allowed for the appellant to seek OWCP benefits and the agency's efforts to bar him from doing so was a breach of the SA. CF7, Tab 6 at 12-14. The appellant also argued that the Board's decision in *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 (2009), was wrongly decided.[2] *Id.* at 14.

### APPLICABLE LAW

As the party seeking enforcement, the appellant has the ultimate burden of proving that the agency failed to comply with the settlement agreement by preponderant evidence. *See Smith v. U.S. Postal Service*, 105 M.S.P.R. 429, ¶ 4 (2007). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q). The agency, however, must produce relevant, material, and credible evidence of its compliance with the agreement. 5 C.F.R. § 1201.183(a). In reviewing a settlement agreement, the Board may only enforce the written terms of the settlement agreement itself. *Weithoner v. U.S. Postal Service*, 103 M.S.P.R. 45, ¶ 12 (2006), *aff'd*, 244 F. App'x. 332 (Fed. Cir. 2007); 5 C.F.R. § 1201.183(d).

A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010), citing *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). In construing the terms of a settlement agreement, the words of the agreement itself are of paramount importance. *Flores*, 115 M.S.P.R. 189, ¶ 10. The Board has no

---

[2] The appellant argued the prior Board assigned administrative judge was not properly appointed, and therefore did not have authority to adjudicate his appeal. *Id.* The decision accepting the parties SA was issued September 6, 2007. AF, Tab 18. The appellant did not raise the issue regarding the Constitutionality of her appointment until June 20, 2023. CF7, Tab 6. I find this claim was untimely raised, and will not be addressed.

authority to unilaterally modify the terms of the parties' settlement agreement, or to read a nonexistent term into an agreement that is unambiguous. *Id.* When an agreement's words and meaning are unambiguous, its terms are not subject to variation. *Flores*, 115 M.S.P.R. 189, ¶ 10, (citing *Slattery v. Department of Justice,* 590 F.3d 1345, 1347 (Fed. Cir. 2010)).

## ANALYSIS AND FINDINGS

I find the appellant has failed to show that the agency breached the SA. The Board previously found that a truthful response to DOL was not a breach of the party's SA. *Allen*, 112 M.S.P.R. 659, ¶¶ 19-27. In the appellant's prior case, the agency disclosed the appellant's prior removal, while in the instant case the agency merely disclosed that the appellant did not return to work after March 15, 2007 and resigned May 26, 2007. *Compare Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659 and CF7, Tab 4 at 19. The agency's disclosure to DOL here is much less revealing than its prior disclosure. Because the Board held the agency's prior disclosure to DOL was not a breach of the SA, I similarly conclude the agency action here was not a breach of the SA. *See Allen*, 112 M.S.P.R. 659, ¶¶ 19-27.

I find unpersuasive the appellant's argument that the agency was required to provide DOL with the reason for his failure to return to duty or the reason for his resignation in order to provide a truthful response. As an initial matter, the parties agreed in the SA that neither party admitted wrongdoing. CF7, Tab 4 at 15. Thus, the agency was under no obligation under the SA to admit fault as the appellant suggested. Further, the appellant failed to identify what information the agency provided that was untruthful. Specifically, the appellant did not argue that he returned to work after March 15, 2007 or that he had not resigned effective May 26, 2007, which was the information the agency provided. CF7, Tab 4 at 19. DOL did not ask why the appellant did not return to work or why he

6

resigned, and I find neither the SA nor Board law required the agency to provide an answer to a question that was not asked.

While the appellant disagreed with the prior decisions in his case, he provided no basis for overruling those decisions. Instead, I find I am bound by the Board's prior decision in this case. In short, I find the appellant has provided no basis for me to reach a result that was contrary to the Board's holding that providing truthful information to DOL was required by the SA. Therefore, I find doing so in the instant case was not a breach of the SA. *See Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶¶ 19-27.

Further, I find no evidence to support the appellant's claim of retaliation because instead I find the agency did not breach the SA by providing DOL with truthful information. *Cf. Stasuik v. Department of the Army*, 118 M.S.P.R. 1, ¶ 7 (2012) (post-settlement retaliation upon reinstatement based on a SA may evidence bad faith, and therefore a breach of the SA). Indeed, in the appellant's last petition for enforcement before this one, CF6, the appellant made a retaliation claim as it related to the agency's handing of his OWCP application for benefits. CF6, Tab 19 at 5. In that case, decided in 2015, as here, the appellant failed to show that the agency action was a breach of the SA based on post-settlement retaliation or otherwise. *See* CF6, Tab 19 at 9. That decision became the final order of the Board when neither party filed an appeal. Moreover, the appellant's Board cases, the most recent of which was decided in 2015, and the appellant's employment with the agency which ended in 2007 are too distant in time to presume retaliation. The appellant has offered no specific evidence that supports such a conclusion or that otherwise would be a basis for finding a material breach based on the agency's implementation of the SA. Here, the agency properly implemented the SA for the reasons discussed above, and I find no breach.

Based on the foregoing, I find the appellant has failed to meet his burden of proof to establish agency noncompliance with SA.    Therefore, the appellant's petition for enforcement is DENIED.

## DECISION

The appellant's petition for enforcement is DENIED.

FOR THE BOARD:                              /S/
                                        Melissa Mehring
                                        Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **July 28, 2023**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

8

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review

must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

Carlton Allen
8/27/2023